UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASPAL SINGH GILL,

          Petitioner,

   v.

DONALD R. HOLBROOK,

          Respondent.

Case No. C20-318-RSL-MLP

ORDER OF DISMISSAL

Having reviewed the Report and Recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge, any objections or responses to that, and the remaining record, the Court finds and ORDERS:

(1) The Court DECLINES TO ADOPT the R&R in part with respect to denying a certificate of appealability because the Court concludes that the claims related to translation "deserve encouragement to proceed further," and a jurist of reason could disagree with the Court's resolution. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability is GRANTED as to those claims related to translation (Grounds One and Two). The claim related to ineffective assistance of counsel is not, however, reasonably debatable and should not

ORDER OF DISMISSAL - 1

be subject to appeal. Accordingly, a certificate of appealability is DENIED as to that claim (Ground Three).

(2) The Court otherwise ADOPTS the Report and Recommendation with the following modification:

At page 15, footnote 1, add the following text onto the existing footnote:

> Even if Petitioner had raised the § 2254(d)(2) issue before his reply, his reliance upon *Milke v. Ryan*, 711 F.3d 998, 1007 (9th Cir. 2013), (Pet.'s Reply at 6–7), is misplaced. In *Milke*, the "prosecution's suppression of [a testifying detective's suspension report] in state court distorted the fact-finding process, forcing the state judge to make her finding based on an unconstitutionally incomplete record." *Milke*, 711 F.3d at 1007. While *Milke* involved an "'inescapable' constitutional obligation . . . to produce the evidence," *id.* (quoting *Kyles v. Whitley*, 514 U.S. 419, 438 (1995)), no similar constitutional obligation related to interpretation has been established. *United States v. Johnson*, 248 F.3d 655, 663 (7th Cir. 2001) (explaining that the Supreme Court "has yet to recognize the right to a court-appointed interpreter as a constitutional one"). Additionally, the Ninth Circuit's conclusion regarding the state court's defective fact-finding process was also based upon the state court's failure "to consider all the evidence that was presented to it," namely, "hundreds of pages of court records from cases where [the detective witness] had committed misconduct." *Id.* at 1008. There is no similar failure at issue in the instant case, and *Milke* provides insufficient support for Petitioner's belated argument.

(3) Petitioner's habeas petition (dkt. # 1) is DENIED, and this action is DISMISSED with prejudice; and

(4) The Clerk is directed to send copies of this Order to the parties.

Dated this 25th day of October, 2021.

*/s/ Robert S. Lasnik*
ROBERT S. LASNIK
United States District Judge

ORDER OF DISMISSAL - 2