1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                        WESTERN DISTRICT OF WASHINGTON
                                    AT SEATTLE
8

9   JASPAL SINGH GILL,                        Case No. C20-318RSL

10                   Petitioner,
                                              ORDER DENYING
11           v.                               PETITIONER'S RULE 60(b)
                                              MOTION
12  DONALD R. HOLBROOK,

13                   Respondent.

14

15         This matter comes before the Court on petitioner's "Rule 60(b)(6) Motion to Reopen

16  Final Judgment" (Dkt. # 34). Having reviewed the submissions of the parties and the remainder

17  of the record, the Court denies petitioner's motion for the reasons stated herein.

18         **I.      Motion to File Overlength Brief**

19         As an initial matter, the Court GRANTS petitioner's motion to file an overlength brief

20  (Dkt. # 37). However, the Court notes that petitioner failed to comply with the Local Rules by

21  first filing the overlength motion and subsequently filing the overlength request. *See* LCR 7(f).

22  The Court cautions petitioner that disregard of the local rules will not be excused in future.

23         **II.     Background**

24                **A. Initial State Post-Conviction Proceedings**

25         On December 16, 2014, petitioner Jaspal Gill was convicted by a jury of first-degree

26  murder with a firearm enhancement and sentenced by a Washington state court to 340 months

27  imprisonment. *See* Dkt. # 34-1. Following an unsuccessful appeal of his conviction, petitioner

28  filed a pro se personal restraint petition ("PRP") in state court on April 23, 2018, raising several

claims, including that his defense counsel provided ineffective assistance in failing to advise him
of the State's final plea offer before the commencement of a September 2014 trial. Dkt. # 34-2.
The Washington Court of Appeals dismissed Gill's petition with the exception of his ineffective
assistance of counsel claim, which was remanded to the trial court for a reference hearing to
determine: (1) whether defense counsel discussed with Gill the State's final informal plea offer
"without a firearm enhancement," and if so, when; and (2) whether – at the time of the State's
final plea offer – Gill was willing to accept a plea of guilty to second degree murder with, or
without, a firearm enhancement. *Id.* Following the reference hearing, the trial court dismissed
petitioner's ineffective assistance of counsel claim, *see* Dkt. # 34-3, and the Court of Appeals
affirmed dismissal on August 27, 2019, *see* Dkt. # 34-4.

### B. Parker Representation

On August 6, 2019, while petitioner's PRP was pending with the Court of Appeals,
petitioner engaged attorney Corey Parker to provide "[r]epresentation on post-conviction relief
in relation to a Motion for Discretionary Review in the Washington Supreme Court." Dkt. # 34-
5. In a letter dated August 14, 2019, Parker set out his proposed timeline: (1) receive record
from Gill's former attorney by August 22, 2019; (2) file a motion to refer the petition to a Court
of Appeals panel and for additional briefing regarding the reference hearing by September 1,
2019; (3) file a supplemental brief with the Court of Appeals by January 15, 2020; and (4)
subsequently conduct oral argument before the Court of Appeals and, if necessary, draft and file
a motion for discretionary review to the Washington Supreme Court. Dkt. # 34-6. Parker clearly
did not anticipate the Court of Appeals' decision denying the PRP to be issued as quickly as it
was – thirteen days after Parker sent the proposed timeline on August 27, 2019. Dkt. # 34-4.
Following the Court of Appeals' denial, petitioner had thirty days from that date, until
September 26, 2019, to seek review by the Washington Supreme Court. *See* Wash. R. App. P.
13.5(a); *Id.* 13.5A. However, no motion for discretionary review was filed and the state court
issued a certificate of finality on November 15, 2019. Dkt. # 16-1 at 399.

On November 22, 2019, petitioner's brother-in-law, Swarn Gill, reached out to Parker
after receiving the certificate of finality to ask about the motion for discretionary review. Dkt.

ORDER DENYING PETITIONER'S RULE 60(b)
MOTION - 2

1  # 34-10. Parker responded stating that petitioner "never would have won because the appellate

2  court and Supreme Court don't challenge the credibility findings of the lower court. Since the

3  lower court did not believe his story, the Appel [sic] and Supreme Court would not have seen it

4  any differently." Dkt. # 34-10 at 21. Parker told Swarn to inform petitioner that "our best

5  approach is a new PRP." *Id.*

6  ## C. Federal Habeas Petition Filed

7  On February 27, 2020, before filing the second PRP in state court, petitioner –

8  represented by Parker – filed a § 2254 petition in this Court raising claims regarding the alleged

9  constitutionally deficient translations of a defense witness's testimony and ineffective assistance

10  of counsel. Dkt. # 1; Dkt. # 2. He also moved to stay the case, noting that while his translation-

11  related claims had been exhausted in state court, "his claim of ineffective assistance of counsel

12  is partially or fully unexhausted." Dkt. # 3 at 3. The motion asked the Court "to stay his mixed

13  petition and hold these proceedings in abeyance so that Gill may continue to litigate his

14  unexhausted claims in state court," noting that "Gill has filed a personal restraint petition with

15  the Washington Court of Appeals seeking relief for ineffective assistance of counsel on the

16  ground set forth in his petition for writ of habeas corpus." *Id.* The motion to stay was granted,

17  Dkt. # 7, and petitioner's federal habeas petition was stayed until March 19, 2021, Dkt. # 11.

18  The habeas petition itself also acknowledges that Gill's ineffective assistance of counsel

19  claim is unexhausted. Dkt. # 1. The petition states that while petitioner "raised this issue in a pro

20  se personal restraint petition," he did not appeal to the Washington Supreme Court because he

21  "was pro se and did not know further review of his personal restraint petition was possible." *Id.*

22  at 9-10. The petition further notes that "[t]his ground is being raised in a personal restraint

23  petition and will be pursued to the Washington Supreme Court if unsuccessful." *Id.*

24  ## D. Second State Post-Conviction Proceeding

25  On February 28, 2020, the day after the federal habeas petition was filed, Parker filed a

26  new PRP on Gill's behalf, arguing that Gill's trial counsel provided ineffective assistance of

27  counsel in the plea-bargaining process due to counsel's failure to competently discuss the

28  strengths and weaknesses of Gill's case. Dkt. # 18 at 22. The PRP further argued that while Gill

ORDER DENYING PETITIONER'S RULE 60(b)

MOTION - 3

"has challenged the effectiveness of his representation at trial in other respects, he has not previously raised the issue" of whether counsel competently counseled Gill with regard to the plea offer. *Id.* at 31. Petitioner contended that the new PRP should not be time-barred, as it relied on newly discovered evidence including testimony from the reference hearing and correspondence between petitioner's lead and supporting trial counsel. *Id.* The Court of Appeals dismissed the petition as both untimely and successive. Dkt. # 34-12. The Washington Supreme Court denied review, ruling that the lower court properly dismissed the petition. Dkt. # 34-13.

### E.  Stay Lifted in Federal Proceeding

On March 17, 2021, following the Washington Supreme Court's denial of Gill's second PRP as untimely and successive, the parties moved to lift the stay on the federal habeas petition. Dkt. # 10. Respondent subsequently argued that Gill's ineffective assistance of counsel claim was procedurally barred. Dkt. # 15 at 19-23. Petitioner did not address respondent's procedural bar arguments in his reply. *See* Dkt. # 27. Accordingly, on August 23, 2021, Magistrate Judge Peterson found that "Petitioner fail[ed] to demonstrate that his unexhausted ineffective assistance of counsel claim is eligible for federal habeas review," and recommended that the Court deny the petition. Dkt. # 28 at 7. The Court adopted the Report and Recommendation's conclusion on the issue and denied the petition on October 25, 2021. Dkt. # 31 (Order adopting Report & Recommendation); Dkt. # 32 (Judgement).

### F.  Petitioner Returns to State Court

In October 2021, petitioner filed a pro se motion in the Washington Court of Appeals to recall the certificate of finality issued in his original PRP, arguing that Parker had been ineffective in failing to timely file a motion for discretionary review. Dkt. # 34 at 2. The Court of Appeals denied the motion and the Washington Supreme Court affirmed, noting that while "counsel may have been derelict in not filing a motion for discretionary review," this conduct was "not a circumstance that justifies recalling the certificate of finality." Dkt. # 34-16.

On May 31, 2022, petitioner – now represented by the attorney representing him in the instant motion – filed a motion in state court seeking an extension of time to file a motion for discretionary review in his original PRP. Dkt. # 34 at 8. Petitioner argued that an extension of

ORDER DENYING PETITIONER'S RULE 60(b)
MOTION - 4

1   time was warranted "either under RAP 18.8(b) or as a matter of equitable tolling, because the

2   attorney he had hired to file a timely motion for discretionary review neglected to do so." Dkt.

3   # 34-17. The Washington Supreme Court denied the motion on October 19, 2022, finding:

> 4   Without any information from Gill's former attorney, it is unclear whether
> 5   the attorney was derelict. Counsel sent a retention letter to Gill not long
>     before the Court of Appeals issued its decision dismissing the personal
> 6   restraint petition, noting that counsel was still awaiting receipt of the record
>     from Gill's former attorney, and contemplating that counsel would file a
> 7   motion in the Court of Appeals to refer the petition to a panel of judges and
> 8   to submit additional briefing based on the findings from the reference
>     hearing. Counsel's anticipated timeline was completely disrupted when the
> 9   acting chief judge issued his ruling just two weeks after counsel sent the
> 10  retention letter. Counsel represented Gill in federal habeas proceedings and
>     in a subsequent personal restraint petition, and though counsel did not file a
> 11  motion for discretionary review in this case, communications with counsel
> 12  indicate counsel believed such a motion would not succeed and that a
>     second personal restraint petition would be a more fruitful approach. Given
> 13  the materials Gill provides, it cannot be clearly said that counsel was so
> 14  professionally neglectful as to justify an extension of time.

15  *Id.*; Dkt. # 34-18 (Washington Supreme Court denying Petitioner's motion to modify the Deputy

16  Commissioner's ruling).

17              **G. Instant Motion**

18      On February 3, 2023, petitioner filed the instant motion to re-open the case under

19  Federal Rule of Civil Procedure 60(b)(6).

20      **III.    Discussion**

21      In his motion, petitioner argues that he is entitled to (1) application of equitable tolling;

22  (2) application of the *Martinez/Trevino* cause and prejudice standard; (3) reopening of his case;

23  (4) consideration of his ineffective assistance of counsel claim on the merits; and (5) habeas

24  relief. Dkt. # 34 at 15.

25              **A. Equitable Tolling**

26      Petitioner dedicates much of his motion to arguing that the Washington Supreme Court's

27  ruling, denying his motion for an extension of time to file a motion for discretionary review with

28  regard to his original PRP, is both "factually and legally deficient." Dkt. # 34 at 20-26.

ORDER DENYING PETITIONER'S RULE 60(b)
MOTION - 5

1    However, that ruling involved the Washington Supreme Court applying Washington law –

2    specifically Washington Rule of Appellate Procedure 18.8(b) and the doctrine of equitable

3    tolling under Washington law.[1] Dkt. # 34-17. As respondent notes, Dkt. # 38 at 5, the Supreme

4    Court has emphasized many times that "it is not the province of a federal habeas court to

5    reexamine state-court determinations on state-law questions. In conducting habeas review, a

6    federal court is limited to deciding whether a conviction violated the Constitution, laws, or

7    treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 480 (1991); *see also Bradshaw v.*

8    *Richey*, 546 U.S. 74, 76 (2005) (per curiam). This rule is "grounded in concerns of comity and

9    federalism," as "without the rule, a federal district court would be able to do in habeas what [the

10   Supreme Court] could not do on direct review; habeas would offer state prisoners whose custody

11   was supported by independent and adequate state grounds an end run around the limits of [the

12   Supreme] Court's jurisdiction and a means to undermine the State's interest in enforcing its

13   laws." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Accordingly, this Court is unable to

14   review a state court's application of its own equitable tolling law.

15        Petitioner argues that "equitable tolling due to counsel's gross negligence in failing to

16   meet a filing deadline and causing procedural default—whether i[n] *state or federal* court—is a

17   longstanding basis for relief under Rule 60(b)(6) and mandates relief on the merits." Dkt. # 39 at

18   5 (emphasis added). This is incorrect. In the federal habeas context, "[e]quitable tolling . . . asks

19   whether *federal* courts may excuse a petitioner's failure to comply with *federal* timing rules, an

20   inquiry that does not implicate a state court's interpretation of state law." *Holland v. Florida*,

21   560 U.S. 631, 650 (2010). Here, the limitations period that petitioner seeks to toll is the

22   Washington state court time limit on filing a motion for discretionary review. This Court has no

23   ability to equitably toll a state court deadline.[2]

24

25        [1] While the Washington Supreme Court looked to federal law when adopting the proposition that

26   an "attorney's misconduct can also give rise to cause for equitable tolling," *In re Fowler*, 197 Wn. 2d 46,
     53-54 (2021), the doctrine of equitable tolling remains a matter of state law.

27        [2] Petitioner makes no request that this Court toll the AEDPA statute of limitations, nor would

28   such a request make sense, given his petition was timely filed.

ORDER DENYING PETITIONER'S RULE 60(b)
MOTION - 6

1    Petitioner attempts to argue against this conclusion by citing to *Maples v. Thomas*, 565

2    U.S. 266 (2012). *See* Dkt. # 39 at 5. However, in *Maples* the Supreme Court was careful to

3    explain that "[t]he sole question this Court has taken up for review is whether, on the

4    extraordinary facts of Maples' case, there is 'cause' to excuse the procedural default in state

5    court." 565 U.S. at 271. The Supreme Court has explicitly contrasted the doctrine of "procedural

6    default" with that of "equitable tolling," noting that in the context of "procedural default," it

7    considers whether "federal courts may excuse a petitioner's failure to comply with a state

8    court's procedural rules, notwithstanding the state court's determination that its own rules had

9    been violated." *Holland*, 560 U.S. at 650. Thus, *Maples* – which dealt with the issue of cause in

10   the context of a procedural default – does not support petitioner's claim that this Court may

11   review a state court's equitable tolling determination. While *Maples* considered an equitable

12   tolling case, *Florida v. Holland*, "instructive" in terms of determining whether attorney

13   misconduct should be categorized merely as negligence or as "abandonment," it was careful to

14   articulate that it made this determination in the "cause and prejudice" context rather than the

15   "equitable tolling" context at issue in *Holland*. *Maples*, 565 U.S. at 281-82.

16   Thus, while this Court cannot review a petitioner's arguments that he is entitled to

17   equitable tolling of state court deadlines, it may, as discussed, consider procedurally defaulted

18   claims where petitioner is able to demonstrate cause and prejudice. *Coleman*, 501 U.S. at 750-

19   51. Here, however, the Court has already denied Gill's federal habeas petition, Dkt. # 31, thus,

20   in order to present his arguments going to the merits of his habeas petition, including those

21   regarding procedural default, he must first establish that he has a right to relief from that

22   judgment. Accordingly, the Court turns to petitioner's argument that he is entitled to relief from

23   the denial of his habeas petition under Rule 60(b).

24   **B.  Rule 60(b)(6) Motion**

25   "Under Rule 60(b), a district court may relieve a party from a final judgment in certain

26   circumstances." *Hall v. Haws*, 861 F.3d 977, 984 (9th Cir. 2017) (citing Fed. R. Civ. P. 60(b)).

27   "In the habeas context, Rule 60(b) applies to the extent that it is not inconsistent with the Anti-

28   Terrorism and Effective Death Penalty Act ("AEDPA")." *Id.* (citations omitted). Thus, the Court

ORDER DENYING PETITIONER'S RULE 60(b)

MOTION - 7

first determines whether petitioner's motion is "not inconsistent" with AEDPA and then turns to the specific requirements of Rule 60(b)(6), the subsection under which petitioner brings his motion.

### i. Consistency with AEDPA

While AEDPA poses significant hurdles for a Rule 60(b) petitioner, the Supreme Court has stated that "Rule 60(b) has an unquestionably valid role to play in habeas cases." *Gonzalez v. Crosby,* 545 U.S. 524, 534 (2005). The habeas restrictions established by AEDPA "did not expressly circumscribe the operation of Rule 60(b)," however, they "are made indirectly relevant . . . by the fact that Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings . . . . only to the extent that [it is] not inconsistent with applicable federal statutory provisions and rules." *Id.* at 529 (alteration in original) (footnote and internal quotation marks omitted). Habeas corpus petitioners cannot "utilize a Rule 60(b) motion to make an end-run around the requirements of AEDPA" or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions. *Calderon v. Thompson,* 523 U.S. 538, 547 (1998) (internal quotation marks omitted); *see also United States v. Buenrostro,* 638 F.3d 720, 722 (9th Cir. 2011) (per curiam) ("[A] state prisoner may not rely on Rule 60(b) to raise a new claim in federal habeas proceedings that would otherwise be barred as second or successive under § 2254.").

Our analysis of whether Gill's motion is a valid Rule 60(b) motion or a disguised 28 U.S.C. § 2254 habeas corpus petition is informed by the Supreme Court's decision in *Gonzalez v. Crosby. See United States v. Washington*, 653 F.3d 1057, 1062 (9th Cir. 2011). While there is no "bright-line rule for distinguishing between a bona fide Rule 60(b) motion and a disguised second or successive [habeas] motion," *id.* at 1060, a legitimate Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings," while a second or successive habeas corpus petition "contains one or more 'claims,'" defined as "asserted . . . bas[es] for relief from a state court's judgment of conviction," *Gonzalez*, 545 U.S. at 530. For example, proper Rule 60(b) motions include those "alleging fraud on the federal habeas corpus court," or those asserting "that a previous ruling which precluded a merits determination was in error–for

ORDER DENYING PETITIONER'S RULE 60(b)
MOTION - 8

1  example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-
2  limitations bar." *Id.* at 532 nn. 4 & 5.

3      Here, petitioner argues that his former counsel misrepresented petitioner's pro se status to
4  the federal habeas court, and that the court should reconsider its conclusion that petitioner's
5  ineffective assistance of counsel claim is procedurally barred. Dkt. # 34 at 28; *see Pizzuto v.*
6  *Ramirez*, 783 F.3d 1171, 1176 (9th Cir. 2015) (finding Rule 60(b) motion proper in habeas
7  context where petitioner argued that certain claims were "improperly held procedurally
8  defaulted" and "that the state's lawyers perpetrated a fraud on the federal district court").
9  Accordingly, the Court finds that the motion is "not inconsistent" with AEDPA's restrictions.

10              **ii. Rule 60(b)(6) Analysis**

11      Having established that petitioner's motion is a proper Rule 60(b) motion rather than a
12  second or successive habeas petition, the Court turns to whether petitioner has shown he is
13  entitled to relief from judgment under Rule 60(b). Rule 60(b)(6), the provision under which
14  petitioner brings his motion, permits reopening for "any . . . reason that justifies relief" other
15  than the more specific reasons set out in Rule 60(b)(1)-(5). Fed. R. Civ. P. 60(b)(6); *see*
16  *Gonzalez*, 545 U.S. at 528-29. Additionally, the motion must be filed "within a reasonable
17  time." Fed. R. Civ. P. 60(c)(1). Finally, a movant seeking relief under Rule 60(b)(6) must show
18  "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545
19  U.S. at 535 (quoting *Ackermann v. United States,* 340 U.S. 193, 199 (1950)). Such
20  circumstances "rarely occur in the habeas context." *Id.* The Ninth Circuit has cautioned that this
21  Rule is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be
22  utilized only where extraordinary circumstances prevented a party from taking timely action to
23  prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d
24  1097, 1103 (9th Cir. 2006).

25          **1.  Premised on Another Ground Delineated in the Rule**

26      As an initial matter, the text of Rule 60 precludes a movant from bringing a Rule 60(b)(6)
27  motion where one of the grounds identified in subsections (b)(1) through (b)(5) more accurately
28  serves as the basis for the motion. *See* Fed. R. Civ. P. 60(b)(6); *Hall*, 861 F.3d at 987.

ORDER DENYING PETITIONER'S RULE 60(b)
MOTION - 9

1  Respondent argues that here, petitioner's motion "appears to seek relief, at least in part" under

2  Rule 60(b)(3) and 60(b)(1), and that accordingly, petitioner's motion is untimely as both of these

3  subsections require that the motion be filed "no more than one year after the entry of judgment."

4  Dkt. # 38 at 3 (citing Fed. R. Civ. P. 60(c)(1)).

5       First, respondent argues that petitioner's assertion that his "former counsel committed

6  fraud" falls under the ambit of Rule 60(b)(3). *Id.* Petitioner's fraud argument rests on the fact

7  that in his federal habeas petition, Parker stated that petitioner did not appeal his ineffective

8  assistance of counsel claim to the Washington Supreme Court because he "was pro se and did

9  not know further review of his personal restraint petition was possible." Dkt. # 1 at 9-10. This

10  claim could not be brought under Rule 60(b)(3), as the subsection "permits relief only when the

11  fraud was committed by 'an adverse party.'" *Latshaw v. Trainer Wortham & Co.*, 452 F.3d

12  1097, 1102 (9th Cir. 2006); *see also Pizzuto*, 783 F.3d at 1180 ("Federal Rule of Civil Procedure

13  60(d)(3) permits courts to set aside judgments for fraud on the court, and we have held that Rule

14  60(b)(6)'s 'extraordinary circumstances' doctrine encompasses the same acts."). Here, the

15  alleged fraud was committed by petitioner's own counsel rather than an adverse party.

16  Accordingly, this claim is properly raised under Rule 60(b)(6) and not barred under the 1-year

17  time limit imposed by Fed. R. Civ. P. 60(c)(1).

18       Second, respondent argues that "it appears the motion seeks relief under Rule 60(b)(1)

19  because Gill asserts this Court erred in the prior determination that the claim is procedurally

20  barred due to a mistake." Dkt. # 38 at 3. While petitioner's motion does ask the Court to

21  reconsider the ruling that his claim is procedurally barred, the basis for his Rule 60(b)(3) motion

22  is not that this court erred, but that "counsel's abandonment, conflict of interest, and fraud on

23  this Court constitute extraordinary circumstances necessitating relief under Rule 60." Dkt. # 34

24  at 28. Accordingly, this claim is properly raised under Rule 60(b)(6) and not barred under the 1-

25  year time limit imposed by Fed. R. Civ. P. 60(c)(1).

26            **2.  Filed Within a Reasonable Time**

27       Respondent also argues that even if petitioner's motion is validly brought under Rule

28  60(b)(6), it was not filed "within a reasonable time" as required by the rule. Dkt. # 38 at 4.

ORDER DENYING PETITIONER'S RULE 60(b)
MOTION - 10

1   Respondent bases this argument on the fact that "[t]he motion rests on events that occurred well
2   before the entry of the judgment." *Id.*

3           A motion for relief under Rule 60(b)(6) must be made within a reasonable time, Fed. R.
4   Civ. P. 60(c)(1), and relief may only be granted where the petitioner has diligently pursued
5   review of his claims. *See Gonzalez*, 545 U.S. at 537; *Lehman v. United States*, 154 F.3d 1010,
6   1017 (9th Cir. 1998) ("Neglect or lack of diligence is not to be remedied through Rule
7   60(b)(6)."). "What constitutes a reasonable time depends on the facts of each case." *In re Pacific
8   Far East Lines, Inc.*, 889 F.2d 242, 249 (9th Cir. 1989) (internal quotation marks omitted). "To
9   evaluate whether a party's delay in filing a Rule 60(b) motion was reasonable, we consider the
10  party's ability to learn earlier of the grounds relied upon, the reason for the delay, the parties'
11  interests in the finality of the judgment, and any prejudice caused to parties by the delay." *Bynoe
12  v. Baca*, 966 F.3d 972, 980 (9th Cir. 2020) (citation omitted).

13          Here, although it has been more than a year and half since the judgment was entered in
14  this case, *see* Dkt. # 32 (Judgment entered on October 25, 2021), petitioner has been consistently
15  litigating these issues in state court since that time. On October 13, 2021, petitioner re-instigated
16  his state court postconviction litigation with a pro se motion to recall the certificate of finality in
17  his initial PRP. Dkt. # 34 at 7. The final state court opinion – the Washington Supreme Court's
18  denial of petitioner's motion to modify the Commissioner's ruling – was issued on January 4,
19  2023. Petitioner filed the instant motion in this Court a month later, on February 3, 2023. Thus,
20  the Court finds that petitioner has diligently pursued review of his claims and the motion is
21  timely.

22                          **3.  Demonstrates Extraordinary Circumstances**

23          Having determined that the motion is timely and properly brought under Rule 60(b)(6),
24  the Court turns to whether petitioner has identified "extraordinary circumstances" warranting
25  relief. Petitioner argues that his former habeas "counsel's abandonment, conflict of interest, and
26  fraud on this Court constitute extraordinary circumstances necessitating relief under Rule 60."
27  Dkt. # 34 at 28. The Court addresses each of these proffered bases in turn.

28                                  **a.  Abandonment**

ORDER DENYING PETITIONER'S RULE 60(b)
MOTION - 11

1  The Ninth Circuit has found that attorney abandonment may constitute the extraordinary
2  circumstances necessary to justify relief under Rule 60(b)(6). *Mackey v. Hoffman*, 682 F.3d
3  1247, 1251 (9th Cir. 2012). For example, the Ninth Circuit has held that "when a federal habeas
4  petitioner has been inexcusably and grossly neglected by his counsel in a manner amounting to
5  attorney abandonment in every meaningful sense that has jeopardized the petitioner's appellate
6  rights, a district court may grant relief pursuant to Rule 60(b)(6)." *See Mackey*, 682 F.3d at 1253
7  (granting 60(b) motion where attorney failed to inform petitioner that his federal habeas petition
8  had been denied, causing petitioner to miss the deadline to file an appeal); *Foley v. Biter*, 793
9  F.3d 998, 1002 (9th Cir. 2015) (same). Similarly, relief under Rule 60(b)(6) has been granted
10  where an attorney completely abnegated their responsibility to defend or prosecute a client's
11  case, resulting in dismissal. *See Lal v. California*, 610 F.3d 518 (9th Cir. 2010); *Cmty. Dental
12  Servs. v. Tani*, 282 F.3d 1164 (9th Cir. 2002*), as amended on denial of reh'g and reh'g en banc*
13  (Apr. 24, 2002). And, as petitioner notes, the Supreme Court also suggested the use of a 60(b)(6)
14  motion to reopen a federal habeas petition that was dismissed as untimely where petitioner's
15  counsel filed his petition 117 days after the AEDPA deadline had passed. *See Christeson v.
16  Roper*, 574 U.S. 373 (2015) (per curiam); *see also Brooks v. Yates*, 818 F.3d 532, 534-35 (9th
17  Cir. 2016) (finding district court abused its discretion in denying petitioner's Rule 60(b)(6)
18  motion where federal habeas counsel filed an untimely petition, failed to respond to the court's
19  order to show cause, failed to inform his client about the order to show cause, and failed to
20  inform his client that the petition had been dismissed).

21  In determining whether petitioner has been "abandoned" by counsel in the Rule 60(b)
22  context, the Ninth Circuit has instructed district courts to focus their inquiry on "whether
23  extraordinary circumstances prevented [petitioner] from taking timely action to prevent or
24  correct an erroneous judgment . . . the relevant judgment being the district court's ultimate
25  dismissal of the petition." *Brooks*, 818 F.3d at 534. Significantly, "[t]he question with respect to
26  [petitioner's] Rule 60(b) motion is *not* whether [counsel] abandoned [petitioner] for purposes of
27  equitable tolling, an inquiry that would involve analyzing the entire course of [petitioner's]

28

ORDER DENYING PETITIONER'S RULE 60(b)
MOTION - 12

1    federal habeas proceedings." *Id.* (emphasis added).[3] In other words, when relying on attorney

2    abandonment to show "extraordinary circumstances" under Rule 60(b)(6), the relevant conduct

3    must relate to judgment petitioner now seeks to reopen.

4           Here, petitioner argues that Parker's misconduct in failing to file a motion for

5    discretionary review in *state court* constitutes attorney abandonment justifying relief from this

6    Court's denial of his *federal* habeas petition. Even assuming petitioner could show Parker's

7    conduct in state court constituted abandonment,[4] such conduct is not relevant to our analysis

8    under Rule 60(b)(6), which asks whether the alleged attorney abandonment "prevented

9    [petitioner] from taking timely action to prevent or correct" the denial of his federal habeas

10   petition. *Brooks*, 818 F.3d at 534; *see Milam v. Harrington*, No. C11-4745JAK-MRW, 2018

11   WL 1155969, at *3 (C.D. Cal. Jan. 8, 2018) (granting Rule 60(b) motion where "[t]he attorney

12   filed a federal petition that was untimely on its face, but for which there were colorable

13   arguments for tolling," yet the attorney failed to respond to the dismissal request or the court's

14   subsequent notice regarding the unopposed motion because "[t]he lawyer's misconduct led

15   directly to the imposition of judgment against Petitioner").[5]  With regard to his federal habeas

16

17           [3] The Court again takes this opportunity to highlight that for federal habeas courts, the equitable
18   tolling inquiry is limited to the *federal* habeas proceeding.

19           [4] The Ninth Circuit has explained that "[a] federal habeas petitioner—who as such does not have
     a Sixth Amendment right to counsel—is ordinarily bound by his attorney's negligence, because the
20   attorney and the client have an agency relationship under which the principal is bound by the actions of
     the agent." *Mackey*, 682 F.3d at 1253 (quoting *Towery v. Ryan*, 673 F.3d 933, 941 (9th Cir. 2012),
21   *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015)). Thus, a petitioner must
     show that he was "inexcusably and grossly neglected by his counsel," *id.*, to establish abandonment.
22   Here, while Parker failed to file a motion for discretionary review, it's worth noting that the deadline for
     this filing came up shortly after he was engaged by petitioner. Furthermore, after missing the deadline,
23   Parker maintained communication with petitioner, filed a second PRP in state court, and filed a timely
24   habeas petition in this Court.

25           [5] Similarly, in the Seventh Circuit case that petitioner cites to, *Ramirez v. United States*, 799 F.3d
26   845, 854 (7th Cir. 2015), the attorney had allegedly abandoned petitioner with regard to his *federal*
     habeas petition by (1) not informing Ramirez of the court's dismissal; (2) failing to file any post-
27   judgment motions; and (3) failing to file a notice of appeal, causing Ramirez to miss the deadline for
     filing an appeal. *Id.* at 849. While the court looked to *Maples* to determine whether the attorney's
28   misconduct constituted "abandonment" rather than mere negligence, *id.* at 854, its inquiry was focused

     ORDER DENYING PETITIONER'S RULE 60(b)

     MOTION - 13

1   petition, Gill has made no argument that Parker "abandoned" him and thus has failed to make a

2   showing of the "extraordinary circumstances" required for relief under Rule 60(b)(6).

### b.  Conflict of Interest

4       Petitioner also argues that "extraordinary circumstances" are demonstrated by Parker's

5   "conflict of interest" in representing petitioner. Petitioner relies on the Supreme Court's decision

6   in *Christeson v. Roper* for this argument. Dkt. # 34 at 29-31. In *Christeson*, the petitioner's

7   federal habeas petition was dismissed as untimely after counsel filed the petition 117 days after

8   the AEDPA 1-year limitations period had passed. 574 U.S. at 374-75. When the attorneys who

9   had missed the deadline sought advice from outside counsel on how to proceed with the case,

10  outside counsel quickly recognized a "glaring problem" – specifically that petitioner's "only

11  hope for securing review of the merits of his habeas claims was to file a motion under Federal

12  Rule of Civil Procedure 60(b) seeking to reopen final judgement on the ground that AEDPA's

13  statute of limitations should have been equitably tolled." *Id.* at 375. However, petitioner's

14  attorneys "could not be expected to file such a motion on [petitioner's] behalf, as any argument

15  for equitable tolling would be premised on their own malfeasance in failing to file timely the

16  habeas petition." *Id.* Petitioner thus requested substitute counsel who could properly make the

17  motion and would not be laboring under a conflict of interest. *Id.* The Supreme Court held that

18  the district court and Eighth Circuit had erred in denying the motion to substitute counsel. *Id.* at

19  374.

20      Notably, the Supreme Court did not indicate whether petitioner was entitled to relief

21  under Rule 60(b). Instead, it noted that petitioner "faces a host of procedural obstacles to having

22  a federal court consider his habeas petition. Although [petitioner] might properly raise a claim

23  for relief pursuant to Rule 60(b), to obtain such relief he must demonstrate . . . that extraordinary

24  circumstances justify the reopening of a final judgment." *Id.* at 380.

25

26

27  on the attorney's conduct while litigating Ramirez's federal habeas petition – the judgment Ramirez

28  sought to reopen.

ORDER DENYING PETITIONER'S RULE 60(b)
MOTION - 14

1   *Christeson* is distinguishable from the instant case on a number of grounds. First, the

2   question that the Court was considering – whether the inherent conflict of interest that

3   petitioner's habeas counsel faced in representing him warranted substitution of counsel – is quite

4   distinct from the question the Court faces here: whether Gill has demonstrated that

5   "extraordinary circumstances" demand relief from judgment. Second, the Court's discussion of

6   the Rule 60(b) procedure was both dicta and focused on the issue of equitable tolling of the

7   AEDPA 1-year statute of limitations. As discussed above, Courts have granted 60(b)(6) motions

8   based on a finding that a petitioner has been abandoned by his attorneys and is thus entitled to

9   equitable tolling of the AEDPA statute of limitations. Here, in contrast, petitioner is arguing that

10  Parker's desire not to denigrate his own performance in state court resulted in his failure to make

11  arguments demonstrating cause and prejudice as to petitioner's procedurally defaulted

12  ineffective assistance of counsel claims. Dkt. # 34 at 31.

13      Petitioner's argument is unconvincing. To begin, even if petitioner could establish that

14  counsel's failure to make these arguments stemmed from a conflict of interest, it is not clear that

15  this would suffice to demonstrate "extraordinary circumstances." In *Christeson*, the Court

16  explained that the "extraordinary circumstances" that the petitioner would be arguing[6] in a 60(b)

17  motion were attorney abandonment – specifically his attorneys' failure to file his habeas petition

18  until well after the statutory deadline. 574 U.S. at 374-75. The issue of conflict of interest only

19  arose with regard to the question of attorney substitution, as Christeson's original counsel could

20  not reasonably be expected to argue that they had abandoned their client. *Id.* Thus, it is not clear

21  that the "conflict of interest" issue has bearing on the "extraordinary circumstances" analysis,

22  nor has petitioner pointed to any case wherein a Rule 60(b) motion was granted on this basis.

23      Furthermore, petitioner has not demonstrated that Parker's failure to make arguments

24  regarding the potential "cause" of the procedural default of petitioner's ineffective assistance of

25  counsel claims was the result of his alleged conflict of interest. Dkt. # 34 at 31. Petitioner argues

26  that, if the Court is able to reach the merits of his case, the *Martinez-Trevino* line of cases should

27

28      [6] The Court did not opine on the likely success of this potential argument.

ORDER DENYING PETITIONER'S RULE 60(b)
MOTION - 15

1    excuse the procedural default with regard to his ineffective assistance of counsel claims. Under

2    *Martinez* a federal habeas court is permitted to find "cause" where (1) the claim of "ineffective

3    assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being

4    "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the

5    state collateral review proceeding was the "initial" review proceeding in respect to the

6    "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective

7    assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

8    *Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (citing *Martinez v. Ryan*, 566 U.S. 1, 13-18 (2012)).

9    Here, petitioner was pro se during the "initial review" of his ineffective assistance of counsel

10   claim in the state postconviction proceedings.[7] There was no "conflict of interest" preventing

11   Parker from arguing that petitioner was pro se.

12       Petitioner alternately argues that, should the Court reach the merits of the case and find

13   that *Martinez* does not apply,[8] it could find "cause" for the procedural default under *Coleman*.

14   Dkt. # 34 at 35-36. However, *Coleman* clearly states that because there is no constitutional right

15   to postconviction counsel, "any attorney error that led to the default of [petitioner's] claims in

16   state court cannot constitute cause to excuse the default in federal habeas." 501 U.S. at 757.

17   Indeed, the Court has explicitly declined to disturb the rule that "when a petitioner's

18   postconviction attorney misses a filing deadline, the petitioner is bound by the oversight and

19   cannot rely on it to establish cause." *Maples*, 565 U.S. at 281. Thus, petitioner's argument that

20   Parker was prevented from making meritorious arguments due to his reluctance to take

21

22

23

24

---

25   [7] Notably, petitioner makes this argument in the instant motion.

26   [8] While the Court does not reach the merits of petitioner's argument that he has shown "cause"
     under the *Martinez-Trevino* standard, it notes that recent Ninth Circuit decisions seem to indicate that he
27   would not be successful. *See Senior v. Gilbert*, 720 F. App'x 882, 883 (9th Cir. 2018) (rejecting
     "argument that *Martinez* excuses a pro se petitioner's failure to present his claim in a motion for
28   discretionary review to a state supreme court").

ORDER DENYING PETITIONER'S RULE 60(b)
MOTION - 16

1    responsibility for missing the deadline to file a motion for discretionary review in the

2    Washington Supreme Court is unconvincing.[9]

3          Accordingly, the Court finds that former counsel's alleged conflict of interest does not

4    establish "extraordinary circumstances" warranting relief from judgment under Rule 60(b)(6).

5                                    **c.  Fraud on This Court**

6          Finally, petitioner argues that Parker's fraud on this court constitutes "extraordinary

7    circumstances" warranting relief from judgement. Dkt. # 34 at 31. Specifically, petitioner argues

8    that in his federal habeas petition, Parker stated that petitioner did not appeal his ineffective

9    assistance of counsel claim to the Washington Supreme Court because he "was pro se and did

10   not know further review of his personal restraint petition was possible." Dkt. # 1 at 9-10.[10]

11   Petitioner argues that this statement amounts to fraud, because while petitioner had proceeded

12   pro se throughout most of his initial state post-conviction litigation, he had retained Parker

13   specifically to pursue discretionary review in the state supreme court. *Id.*

14         Significantly, "not all fraud is fraud on the court." *In re Levander*, 180 F.3d 1114, 1119

15   (9th Cir. 1999). The Ninth Circuit has explained that "[a]s an equitable rule, there is no specific

16   set of facts that a petitioner must show" to demonstrate fraud on the court. *Pizzuto*, 783 F.3d at

17   1180. The primary consideration is not "about prejudice to the party seeking to prove fraud, but

18   rather whether the integrity of the judicial process was itself harmed, such that the court cannot

19

20         [9] Petitioner attempts to argue that Parker's conduct here "severed the principal-agent

21   relationship," *Maples*, 565 U.S. at 922-23, and thus is not merely "negligence" but "abandonment." Dkt.
     # 34 at 31. This argument has no merit. In *Maples*, the attorneys representing a petitioner on death row

22   left their law firm while petitioner's petition was pending in state court, but failed to withdraw from his
     case or substitute counsel. 565 U.S. at 270-80. As a result, petitioner received no notice that his state

23   court petition had been denied and failed to enter a timely notice of appeal. *Id.* Here, in contrast, after
     the deadline for discretionary review had passed, counsel filed a second PRP in state court (which he

24   litigated through discretionary review), as well as a timely federal habeas petition raising claims beyond

25   the procedurally defaulted ineffective assistance of counsel claim.

26         [10] In his motion, petitioner also identified statements that Parker made in "objections to the

27   Report & Recommendation." *See, e.g.*, Dkt. # 34 at 31. However, after further inquiry petitioner found
     that those objections were never filed with the Court, and thus withdrew the related arguments. Dkt.

28   # 41.

ORDER DENYING PETITIONER'S RULE 60(b)
MOTION - 17

perform its regular task of fairly adjudicating disputes." *United States v. Estate of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011). Fraud must consist of "more than garden-variety nondisclosure." *Pizzuto*, 783 F.3d at 1181 (citing *Stonehill*, 660 F.3d at 443, 445). Fraud is typically found where there is a "scheme" to either "hide a key fact from the court and the opposing party" or "improperly influence the court in its decision." *Id.* at 1180 (citations omitted). "The burden of proof rests with petitioner to show the fraud by clear and convincing evidence." *Id.* at 1181.

Here, there is no indication that counsel's statements harmed the "integrity of the judicial process." Petitioner's former counsel made no arguments regarding the reason for petitioner's failure to present his ineffective assistance of counsel claim to the Washington Supreme Court in either the Memoranda accompanying the § 2254 petition or in the Reply brief. Dkt. # 2; Dkt. # 27. Indeed, in the Report and Recommendation adopted by this Court, Magistrate Judge Peterson remarked "Petitioner does not address, or otherwise rebut, that his third ground for relief was not presented to the Washington Supreme Court in a timely PRP. (*See* Pet.'s Mem. (Dkt. # 2) at 26-34; Pet.'s Reply at 8-9.)." Dkt. # 28 at 6. Accordingly, the Court finds that – even assuming the statement in the initial habeas petition was incorrect – the statement does not constitute "fraud on the court" and is not sufficient grounds for granting a Rule 60(b) motion.

### iii.   *Phelps* Factors

Finally, the Ninth Circuit has identified a number of factors "designed to guide courts in determining whether such extraordinary circumstances have been demonstrated by an individual seeking relief under" Rule 60(b) in the habeas context. *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009). These factors are not a "a rigid or exhaustive checklist," but are meant to assist the Court in determining whether a grant of Rule 60(b) motion is "appropriate to accomplish justice." *Id.* (citations omitted). The factors include: "(1) a showing of extraordinary circumstances, such as a change in intervening law; (2) the petitioner's exercise of diligence in pursuing the issue during federal habeas proceedings; (3) interest in finality; (4) delay between the finality of the judgment and the motion for Rule 60(b)(6) relief; (5) degree of connection between the extraordinary circumstance and the decision for which reconsideration is sought; and (6) comity." *Id.* at 1133.

Here, the Court has determined that petitioner has failed to demonstrate extraordinary circumstances – a threshold requirement for a Rule 60(b)(6) motion. *Gonzalez*, 545 U.S. at 536. Moreover, the Court finds that the interests in finality and comity, as well as the lack of connection between the alleged extraordinary circumstances and the decision for which reconsideration is sought also militate against granting petitioner's motion.

For all the foregoing reasons, petitioner's motion for relief from judgment is DENIED.

### C. Cause and Prejudice

Petitioner makes a number of arguments attempting to demonstrate cause and prejudice for the procedural default of his ineffective assistance of counsel claim. Dkt. # 34 at 32-36. However, these arguments are premature, as the Court cannot reach the merits of the case before granting petitioner relief from judgment under Rule 60(b) and reopening the case. Because the Court has denied petitioner's Rule 60(b) motion, it will not address these arguments.

### IV.   Conclusion

For all the foregoing reasons:

1.   Petitioner's motion to file an overlength brief (Dkt. # 37) is GRANTED.

2.   Petitioner's motion for relief from judgment under Rule 60(b) (Dkt. # 34) is DENIED.

3.   A certificate of appealability is required to appeal the denial of a Rule 60(b) motion in a habeas case. *United States v. Winkles*, 795 F.3d 1134, 1143 & n.4 (9th Cir. 2015). A certificate of appealability should only issue on a denial of a Rule 60(b) motion if "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying [habeas] motion states a valid claim of the denial of a constitutional right." *Id.* at 1143 (citation omitted). The Court finds that petitioner has failed to make either showing and declines to issue a certificate of appealability.

IT IS SO ORDERED.

ORDER DENYING PETITIONER'S RULE 60(b)
MOTION - 19

1

2     DATED this 8th day of May, 2023.

3

4

5                                         Robert S. Lasnik
                                          United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PETITIONER'S RULE 60(b)
MOTION - 20